BAR BEA TRUCK LEASING CO., INC., PLAINTIFF *v.* UNITED STATES
OF AMERICA ET AL., DEFENDANTS

Court No. 82-4-00582-S

BERNARD NEWMAN, *Judge.*

(Dated December 28, 1982)

*Fredric J. Gross, Esq.,* for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in
Charge, International Trade Field Office, Commercial Litigation Branch (*John J.
Mahon,* Assistant Branch Director and *Saul Davis, Esq.),* for the defendants.

NEWMAN, *Judge:* This action contests Customs' denial of plaintiff's application for a cartage license. It will bear repetition to point up the introductory statement in my opinion and order of October 15, 1982:

> Stripped of all esoterica this entire matter demands expeditious disposition. *Bar Bea Truck Leasing Co.,* v. *United States,* 4 CIT 159 (1982):

In the order of October 15, 1982, this Court granted defendants' motion for a protective order; vacated plaintiff's notice of depositions; and remanded the case to the Area Director at Newark, New Jersey for reconsideration of his denial of plaintiff's license application. Further, the order allowed plaintiff to submit affidavits or other evidence to the Area Director in support of the license application within twenty days of the entry of the order (viz., by November 4, 1982); Customs at Newark was directed to render a new decision on plaintiff's license application based upon the entire administrative record, including any submissions by plaintiff; and Customs was directed to advise plaintiff and this Court of the new determination within forty days of the entry of the order (viz. by November 24, 1982). See Slip Op. 82–87, *supra.*

Presently before the Court is plaintiff's motion to extend the time for submitting documentation to the Area Director at Newark *nunc pro tunc,* and to again remand the case to Customs for further administrative action. Defendants have responded to plaintiff's motion by opposing the application, but nevertheless deferring to the discretion of the Court as to whether plaintiff's motion should be granted or denied.

I have concluded that plaintiff's motion, while predicated on tenuous grounds, should be granted in the interest of a complete administrative record and in the interest of justice.

It appears that plaintiff contacted the Area Director on November 8, 1982, four days after the expiration of the time for submitting evidence specified in the order of October 15, 1982, requesting an extension of the twenty-day period allowed by this Court. Obvi-

ously, the Area Director lacked authority to extend plaintiff's time for submitting documentation or to otherwise modify the Court's order. The Area Director acted properly in rendering a new determination on November 22, 1982, predicated on the existing record within the forty day time limit. In its new determination, Customs adhered to its previous decision rejecting plaintiff's application.

From plaintiff's moving papers, it is evident that on remand plaintiff failed to adhere to the time schedule set by this Court in its order of October 15, 1982, and additionally plaintiff failed to make any appropriate application for an extension of time on November 8, 1982. However, it is also clear that the interests of justice require that plaintiff should have a reasonable opportunity for input into the administrative record. Accordingly, so that the Area Director and this Court may act on the basis of a complete administrative record, plaintiff's motion for an extension of time is granted. It may be observed that both plaintiff and defendants have also been granted several extensions of time in this case, including two extensions of time for the Area Director to file the administrative record.

For the foregoing reasons, it is hereby ordered:

1. Plaintiff's motion for an extension of time within which to submit documentation to the Area Director at Newark, New Jersey, in connection with its application for a cartage license is granted.

2. The action is remanded to the Area Director at Newark, New Jersey, for an expeditious reconsideration of plaintiff's application for a cartman's license, based upon the entire administrative record, including all documentation submitted by plaintiff within fifteen days of the entry of this order.

3. The Area Director may conduct any further proceedings consistent with this opinion, and shall, based upon the entire administrative record, including any *timely* submissions by plaintiff, render a new decision on plaintiff's application.

4. The Area Director shall, through counsel for defendants, advise plaintiff and this Court of the new determination and the reasons therefor within thirty days of the entry of this order.

5. In the event that plaintiff's application is again denied by the Area Director, the latter shall transmit to this Court with its new determination any portion of the administrative record, including any submissions by plaintiff, not heretofore transmitted.

6. In the event that plaintiff's application is again denied by the Area Director, plaintiff may within fifteen days of the receipt of the Area Director's new decision file any appropriate motion. Defendants may respond within fifteen days of receipt of any motion by plaintiff; and plaintiff shall have five days from receipt of defendants' response within which to reply.